1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11  MATT RADDUE, individually; JACK DIEP,
individually; JORY LEVY, individually;
12  CARLOS MAURICIO GIL, individually;
JAMES DAYAP, individually,

Case Number:
2:23-cv-02124-GMN-NJK

13                                  Plaintiff,

14          vs.

15
LIBERTY MEDIA CORPORATION d/b/a
16  FORMULA ONE HEINKEN SILVER LAS
VEGAS GRAND PRIX, a foreign
17  corporation; LAS VEGAS PAVING
CORPORATION, a domestic corporation;
18  DOE INDIVIDUALS 1-20, inclusive; and
ROE CORPORATIONS 1-20, inclusive,
19

**<u>ORDER TO
EXTEND DEFENDANT LAS VEGAS
PAVING CORPORATION'S
RESPONSIVE PLEADING</u>**

**<u>(FIRST REQUEST)</u>**

20                                  Defendants.

21          Plaintiffs Matt Raddue, Jack Diep, Jory Levy, Carlos Mauricio Gil and James Dayap

22  (collectively "Plaintiffs"), by and through their counsel of record, the law firms of JK Legal

23  Consulting, LLC, Dimopoulos Injury Law, and Hagens Berman Sobol Shapiro LLP, and

24  Defendant Las Vegas Paving Corporation ("LVPC"), by and through its counsel of record,

25  of the law firm of Marquis Aurbach, hereby agree and jointly stipulate as follows:

26          1.      On December 4, 2023, Plaintiffs filed their First Amended Complaint in

27  Eighth Judicial District Court—LVPC was not a party to the *initial* Complaint;

28

2. On December 12, 2023, Plaintiffs served LVPC with the First Amended Complaint;

3. On December 26, 2023, Defendant Liberty Media filed its Notice of Removal from the Eighth Judicial District Court to this Court. ECF No. 1;

4. On December 29, 2023, Defendant LVPC appeared in the case in this Court. ECF No. 5.

5. On January 2, 2024, Plaintiffs and Defendant Liberty Media submitted a stipulation and order (ECF No. 9) extending the date for Liberty to respond to the First Amended to January 12, 2024. The stipulation cited the holidays, the out of the office status of one of Liberty's attorneys, and a potential remand request from the Plaintiffs.

6. On January 2, 2024, the Court entered an Order granting Defendant Liberty and Plaintiffs' request regarding the response deadline. ECF No. 10.

7. Counsel for LVPC learned of the date of service of the First Amended Complaint on LVPC on January 3, 2024 and, on January 4, 2024, requested additional time to respond. Considering the circumstances of the case (i.e., potential remand and multiple defendants), LVPC's counsel believes it may be prudent and may make sense for all parties to be tracking the same deadlines and to be on the same page to the extent possible moving forward.

8. Plaintiff's counsel agreed to allow Defendants until January 12 to respond— the same date agreed on for Liberty to respond.

9. Pursuant to Local Rule IA 6-1(a), the parties believe the additional time is appropriate. LR IA 6-1(a) requires parties to state the reasons for any extensions and to also to inform the Court of all previous extensions the Court has granted. The parties have complied with these requirements above detailing both that this is the first request for an extension and also the reasons.

/ / /

/ / /

/ / /

10.     LR IA 6-1(a) also requires requests made after the expiration of related deadlines to demonstrate the failure to submit the request prior to the deadline was the result of excusable neglect.

11.     "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence." *Victor v. Walmart, Inc.*, 220CV01591JCMNJK, 2021 WL 3745190, at *4 (D. Nev. Apr. 8, 2021) (*citing Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009)). At a minimum, there are four factors courts consider in determining whether neglect is excusable:

> (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Id.* (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 295 (1993)). The parties address each of the factors below:

### i.     The Danger of Prejudice to the Opposing Party.

There is no danger of prejudice to the opposing party. This is a joint request. Thus, this factor favors satisfaction of the excusable neglect standard.

### ii.     The Length of the Delay and Impact on the Proceedings.

The additional time the parties are requesting does not create an unreasonable delay or have a negative impact on the proceedings. The Plaintiffs have graciously agreed to allow LVPC a 10-day extension after the holidays and a removal from State Court to Federal Court, which removal occurred on December 26, 2023. As a result, it is not as if discovery has been ongoing for multiple months or years and/or the parties have been delaying/dragging out the matter—there are no discovery or trial deadlines at this point and the Plaintiffs may decide to attempt to have this Court remand the case back to State Court.

### iii.     The Reason for the Request for Additional Time.

The reasons for the extension are detailed above. For example, counsel for LVPC did not find out until yesterday when LVPC was served, the removal process, a potential forthcoming request to remand, Liberty's deadline being moved to January 12, the deadlines

1  for all Defendants tracking the same, and cooperation between counsel through Plaintiffs

2  graciously agreeing to allow LVPC the additional time.

3                **iv.**   **Whether the Movant Acted in Good Faith.**

4        Both parties are acting in good faith with this joint request. LVPC's counsel is

5  simply trying to get a handle on the matter post-holidays and post-removal and believes it

6  makes sense for all parties to be tracking the same deadlines. The parties are not making this

7  extension request for the purpose of delay or any bad faith reason.

8                **v.**   **Excusable Neglect Conclusion.**

9        When considering the four factors above together and the remaining circumstances,

10  the parties believe they have satisfied the excusable neglect standard. Further, as the Court

11  already knows, the excusable neglect standard is an equitable concept, which, in this

12  / / /

13  / / /

14  / / /

15

16

17

18

19

20

21

22

23

24

25

26

27

28

scenario, essentially means fairness that is not hampered by technical requirements. Thus, the parties request that the Court grant the stipulated request and enter the respective order.

IT IS SO STIPULATED.

DATED this 5th day of January, 2024

JK LEGAL CONSULTING, LLC


By: ___/s/ Jared Kahn_____
    Jared Kahn, Esq. (NSB 12603)
    9205 W. Russell Rd., Ste. 240,
    Las Vegas, Nevada 89148

    DIMOPOULOS INJURY LAW
    Steve Dimopoulos, Esq. (NSB 12729)
    Paul A. Shpirt, Esq. (NSB 1044)
    6671 S. Las Vegas Blvd., Ste. 275
    Las Vegas, Nevada 89119

    HAGENS BERMAN SOBOL
    SHAPIRO LLP
    Steve W. Berman, Esq.
    *(Pro Hac Vice Pending)*
    1301 Second Ave., Suite 2000
    Seattle, Washington 98101

    HAGENS BERMAN SOBOL
    SHAPIRO LLP
    Christopher Pitoun, Esq.
    *(Pro Hac Vice Pending)*
    301 North Lake Avenue, Suite 920
    Pasadena, California 91101

    *Attorneys for Plaintiffs*

DATED this 5th day of January, 2024

MARQUIS AURBACH


By: ___/s/ Tye S. Hanseen_____
    Craig R. Anderson, Esq. (NSB 6882)
    Tye S. Hanseen, Esq. (NSB 10365)
    Jennifer L. Micheli, Esq. (NSB 11210)
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    *Attorneys for Las Vegas Paving Corp.*

## ORDER

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 5, 2024 _____

Page 5 of 5