# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JACK DIEP, *et al.*,<br>    Plaintiffs,<br>v.<br>LIBERTY MEDIA CORPORATION, *et al.*,<br>    Defendants. | Case No. 2:23-cv-02124-GMN-NJK<br>**Order**<br>[Docket Nos. 48, 49] |

Pending before the Court is Defendant Liberty Media Corporation's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 48. Plaintiffs filed a response in opposition. Docket No. 50. Defendant filed a reply. Docket No. 52. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court agrees with Defendant that these elements are present here. The motion is potentially dispositive of the case and may be decided without discovery.[1] Moreover, the Court is convinced by the arguments presented in the motion to dismiss that Plaintiffs will be unable to state a claim.[2] *See, e.g., In re Pacquiao-Mayweather Boxing Match Pay-Per-View Litig.*, 942 F.3d 1160 (9th Cir. 2019).

Accordingly, the Court **GRANTS** the motion to stay discovery pending resolution of Defendant's motion to dismiss. Docket No. 48. In the event the underlying motion to dismiss is not granted in full, a joint status report or joint discovery plan must be filed within 14 days of the resolution of the motion to dismiss. Further, the Court **DENIES** as moot the pending proposed discovery plan. Docket No. 49.

IT IS SO ORDERED.

Dated: October 8, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiffs submit that discovery may be required to decide the pending motion to dismiss. Docket No. 50 at 5-6. In reply, however, Defendant submits that its motion to dismiss accepts Plaintiffs' allegations as true and thus does not require discovery. Docket No. 52 at 2. Further, Defendant submits, Plaintiffs did not seek discovery when responding to the motion to dismiss or argue at the time that discovery was necessary. *Id.*

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.