**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACK DIEP, individually; JORY LEVY, individually; JAMES DAYAP, individually; MARVIN CUTCHINS; and RAY CHARLES, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MEDIA CORPORATION d/b/a FORMULA ONE HEINKEN SILVER LAS VEGAS GRAND PRIX, a foreign corporation; LAS VEGAS GRAND PRIX, INC., a Nevada corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No. 2:23-cv-02124-GMN-NJK<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

The Court, having read and considered the papers filed in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the proposed class notice and other documents, having considered the arguments of counsel, and good cause appearing therefore,

**IT IS HEREBY ORDERED:**

1.      That the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") filed with the Court as Exhibit 1 to the Declaration of Christopher R. Pitoun entered into by and between Plaintiffs Jack Diep, Jory Levy, James Dayap, Marvin Cutchins and Ray Charles, JR. ("Plaintiffs") and Defendants Liberty Media ("Liberty") and Las Vegas Grand Prix, INC. ("LVGP") (collectively referred to as "Defendants") (Plaintiffs and Defendants collectively referred to as "Parties"), is fair, just, and reasonable and, therefore, meets the requirements for preliminary approval, subject to further consideration at the final approval hearing after the distribution of the Class Notices (Exhibits B and C to the Settlement Agreement) to the Settlement Class.

2.      For purposes of this Order, the court adopts all defined terms as set forth in the Settlement Agreement.

3.      The following Class is conditionally certified for settlement purposes consists of all individuals or entities who:

> (i) purchased a Thursday-Only Ticket or a Three-Day Ticket directly from LVGP, or possessed a transferred Thursday-Only Ticket or Three-Day Ticket received from a person or entity who originally purchased such ticket from LVGP, and (ii) attended Day One of the 2023 Las Vegas Grand Prix by scanning such ticket for entry before 11:59:59 P.M. on November 16, 2023.

4.      The Class excludes: (i) the United States District Judge and United States Magistrate Judge assigned to the Action, and any member of their staffs or their immediate families; (ii) the Honorable S. James Otero (Ret.) and any member of his staff or his immediate family; (iii) Defendants, and any of Defendants' corporate affiliates, subsidiaries, officers, directors, employees, legal representatives, successors, and assigns; (iv) any person or entity who timely opts out of the Class; (v) all person or entity who purchased or possessed a ticket that LVGP sold internally to LVGP and Liberty personnel or associated individuals; (vi) all persons or entities who purchased or

- 1 -

possessed a ticket that LVGP sold to F1 teams, F1's partners, LVGP's partners, and resellers, as each of these classes of tickets is designated in LVGP's internal records; and (vii) all persons or entities who received a transferred Paddock Club ticket (which was a certain type of Three-Day Ticket Defendants sold directly to certain Class Members).

5.      The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

6.      Named Plaintiffs Jack Diep, Jory Levy, James Dayap, Marvin Cutchins and Ray Charles, Jr. are appointed as Class Representatives.

7.      Hagens Berman Sobol Shapiro, LLP; Dimopoulos Injury Law; JK Legal & Consulting, Mahoney Law Group, APC, and Ivie, McNeill, Wyatt, Purcell & Diggs are appointed as Class Counsel.

8.      The proposed notice plan is hereby approved as the best notice practicable. The proposed Class Notices attached to the Settlement Agreement as Exhibits B and C are sufficient to inform the Class Members of the terms of the Settlement Agreement, their rights to receive monetary payments under the Settlement Agreement, their right to exclude themselves from the Settlement, and their right to lodge objections to the Settlement. The Court finds the notice requirements of Federal Rules of Civil Procedure 23 and applicable standards of due process are satisfied, and that the Class Notices adequately advises Class Members of their rights under the Settlement. Counsel for the Parties are authorized to correct any typographical errors that may be discovered in the Class Notices and make clarification, to the extent some are found or needed, so long as the corrections do not materially alter the substance of the Class Notices.

9.      The notice response and claim form submission deadline will be 120 days from the date of the initial mailing of the Notice. The procedures and sixty (60)-day deadline for members of the Class to request exclusion from, object to the Settlement or submit a claim form (if necessary) is adopted as described in the Settlement Agreement. Any Class Member who intends to object to final approval of the Settlement Agreement must submit a written objection to the Court and the

011212-11/3485335 V1

Settlement Administrator by mail or electronically in accordance with the opt out proceedings described in the Class Notices attached as Exhibits B and C to the Settlement Agreement.

10.    RG/2 Claims Administration LLC is appointed to act as the Settlement Administrator pursuant to the terms of the Settlement Agreement. The Settlement Administrator is ordered to carry out the Settlement according to the terms of the Settlement Agreement and in conformity with this Order, including disseminating the Notices according to the notice plan described in the Settlement Agreement. Based upon the cost estimate provided by RG/2 Claims Administration, LLC, the Court preliminarily approves administration costs in the amount of $76,306.00 to be deducted from the Class Settlement Amount.

11.    The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

12.    Plaintiffs' Motion for Final Approval of the Settlement, Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Payments shall be filed no later than **August 7, 2026.**

13.    The Court further directs that no later than seven (7) days prior to the Fairness Hearing, Class Counsel shall file any supplemental memoranda addressing any objections and/or opt-outs.

14.    The hearing for Plaintiffs' Motions for Final Approval of the Settlement, Award of Attorneys' Fees, Costs and Class Representative Service Payments shall be on **November 4, 2026, at 9:00 a.m.** The Court reserves the right to continue the date of the Final Approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement Agreement.

15.    In the event the Settlement is not fully and finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions before entering into the Settlement Agreement. If the Settlement does not become final for any

011212-11/3485335 V1

reason, the fact that the Parties were willing to agree to a settlement and the circumstances, proceedings, and documents related to the proposed Settlement shall have no bearing on, and will not be admissible in connection with litigation, whether through issue preclusive, estoppel or otherwise.

16. All proceedings in the action are stayed until Final Approval of the Settlement.

**IT IS SO ORDERED.**

Dated: _____March 9, 2026_____ _____

HON. GLORIA M. NAVARRO
United States District Court

- 4 -