**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACK DIEP, individually; JORY LEVY, individually; JAMES DAYAP, individually; MARVIN CUTCHINS; and RAY CHARLES, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MEDIA CORPORATION d/b/a FORMULA ONE HEINEKEN SILVER LAS VEGAS GRAND PRIX, a foreign corporation; LAS VEGAS GRAND PRIX, INC., a Nevada corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | 2:23-cv-02124-GMN-NJK<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARD** |

This matter having come before the Court on November 4, 2026, upon the Motion of Plaintiffs Jack Diep, Jory Levy, James Dayap, Marvin Cutchins, and Ray Charles, Jr. ("Representative Plaintiffs"), individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement (the "Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Final Approval Hearing, and the submissions filed with this Court in connection with the Final Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1. The Settlement Agreement and its exhibits are incorporated herein by reference. Unless otherwise defined herein, all capitalized terms used in this Order shall have the same meanings as ascribed to them in the Settlement Agreement.

2. For settlement purposes only, and pursuant to the standards and criteria set forth in Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for the reasons stated in the record, the Court finds that the Class, as defined below, meets the prerequisites for class certification under Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and that the common questions of law and fact predominate over individual questions and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy under Rule 23(b)(3).

3. The Court hereby finally certifies the following Settlement Class:

> All individuals or entities who: (i) purchased a Thursday-Only Ticket or a Three-Day Ticket directly from LVGP, or possessed a transferred Thursday-Only Ticket or Three-Day Ticket received from a person or entity who originally purchased such ticket from LVGP, and (ii) attended Day One of the 2023 Las Vegas Grand Prix by scanning such ticket for entry before 11:59:59 P.M. on November 16, 2023.
>
> The Class excludes: (i) the United States District Judge and United States Magistrate Judge assigned to the Action, and any member of their staffs

or their immediate families; (ii) the Honorable S. James Otero (Ret.) and any member of his staff or his immediate family; (iii) Defendants, and any of Defendants' corporate affiliates, subsidiaries, officers, directors, employees, legal representatives, successors, and assigns; (iv) any person or entity who timely opts out of the Class; (v) all persons or entities who purchased or possessed a ticket that LVGP sold internally to LVGP and Liberty personnel or associated individuals; (vi) all persons or entities who purchased or possessed a ticket that LVGP sold to F1 teams, F1's partners, LVGP's partners, and resellers, as each of these classes of tickets is designated in LVGP's internal records; and (vii) all persons or entities who received a transferred Paddock Club ticket (which was a certain type of Three-Day Ticket Defendants sold directly to certain Class Members).

If for any reason the Settlement does not become effective, this final certification shall be null and void and shall not be used or referred to for any purpose.

4. The Court hereby appoints Jack Diep, Jory Levy, James Dayap, Marvin Cutchins, and Ray Charles, Jr. as representatives of the Class ("Class Representatives"). The Court finds that the Class Representatives have fairly and adequately protected the interests of the Class and meet all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5. The Court hereby appoints the following attorneys and law firms as Class Counsel, finding that they meet the requirements of Rule 23(g) of the Federal Rules of Civil Procedure:

Steve W. Berman, Christopher R. Pitoun, HAGENS BERMAN SOBOL SHAPIRO LLP; Steve Dimopoulos, DIMOPOULOS INJURY LAW; Jared Kahn, JK LEGAL CONSULTING LLC; Katherine J. Odenbreit, Kevin Mahoney, MAHONEY LAW GROUP, APC; and Rodney S. Diggs, IVIE, McNEILL, WYATT, PURCELL & DIGGS.

6. The Court approves the list of Successful Opt-Outs attached hereto as Exhibit A. Only two (2) individuals timely opted out of the Settlement Class. The persons identified on Exhibit A are not bound by this Order, the Settlement Agreement, or the Judgment entered herein.

7. The Court convened the Final Approval Hearing at 9:00 a.m. on November 4, 2026 in Courtroom 7D of the United States District Court for the District of Nevada. At the Hearing, all interested persons were given a full opportunity to be heard in support of or in opposition to the Settlement.

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby finally approves the Settlement as fair, reasonable, and adequate, and in the best interests of the Class.

9. The Court finds that notice given to Class Members was the best notice practicable under the circumstances, satisfying the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Because (a) adequate notice was provided to all Class Members via email and U.S. Mail, with 22,852 notices sent by RG/2 Claims Administration LLC, the Court-appointed Settlement Administrator, and (b) all Class Members were afforded the opportunity to object to and/or request exclusion from the Settlement, the Court has jurisdiction over all Class Members. All requirements of statute (including 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.

10. In determining that the Settlement is fair, reasonable, and adequate, the Court has considered the following factors, among others:

   a. The strength of Plaintiffs' case and the risks, expense, and delay of continued litigation, including the dismissal of negligence and Nevada Deceptive Trade Practices Act claims, the pending second motion to dismiss, and the Magistrate Judge's expressed skepticism about the viability of Plaintiffs' remaining claims;

   b. The complexity of the legal issues presented, including novel legal questions regarding the enforceability of event ticket terms and conditions;

c. The amount offered in settlement—a $3,047,986 non-reversionary common fund providing Thursday-Only Ticket holders approximately 66.8% and Three-Day Ticket holders approximately 61.2% of the value of FP2;

d. The minimal opposition to the Settlement, with zero objections filed and only two (2) opt-outs;

e. The positive reaction of Class Members to the Settlement;

f. The stage of the proceedings at which the Settlement was achieved;

g. The nature of the arm's-length negotiations facilitated by the Honorable S. James Otero (Ret.);

h. All written submissions, affidavits, and arguments of counsel.

After due consideration of these factors, notice, and a hearing, this Court finds the terms of the Settlement are fair, adequate, and reasonable, and are in the best interest of the Class.

11. Upon consideration of Class Counsel's application for an award of attorneys' fees and reimbursement of litigation costs, the aggregate amount of the Attorneys' Fee Award is hereby fixed at nine hundred fourteen thousand three hundred ninety-five dollars and eighty cents ($914,395.80), representing 30% of the Class Settlement Amount. The Court further approves reimbursement of litigation costs and settlement administration expenses from the Class Settlement Amount. This aggregate award covers all claims for attorneys' fees and costs incurred by Class Counsel and any other counsel representing Class Members in connection with this Action.

12. Upon consideration of the Class Representatives' applications, the Court awards service awards of two thousand five hundred dollars ($2,500.00) to each of the five Class Representatives—Jack Diep, Jory Levy, James Dayap, Marvin Cutchins, and Ray Charles, Jr.—for a total of twelve thousand five hundred dollars ($12,500.00), in recognition of their efforts and service on behalf of the Class.

13. In accordance with the Settlement Agreement, Defendants shall cause: (a) Individual Settlement Payments to be distributed to Class Members (other than Successful Opt-Outs)

in accordance with the terms of the Agreement; (b) the Attorneys' Fee Award to be disbursed to Class Counsel; and (c) the Class Representative Service Awards to be disbursed to the Class Representatives. Settlement administration costs, approved in the amount of $59,399, shall be paid from the Class Settlement Amount.

14. The Action and all claims asserted therein against all Defendants are dismissed on the merits and with prejudice. Judgment shall be entered without costs to any Party except as expressly awarded herein.

15. Representative Plaintiffs, Class Counsel, and each Class Member (except Successful Opt-Outs listed on Exhibit A) shall be forever bound by this Order and the Settlement Agreement, including the Release set forth in Section XI.A of the Settlement Agreement. The scope of the Release covers all claims that were, or could have been, reasonably alleged by reason of, or in connection with, or that are reasonably related to any matter or fact set forth or referred to in this litigation. The released claims include but are not limited to any and all claims brought under the common law of any jurisdiction, or any federal, state or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity which is in connection with or reasonably relates to a Thursday-Only Ticket and Three-Day Ticket to FP2 of the 2023 Las Vegas Grand Prix.

16. The Release set forth above shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of Representative Plaintiffs and all other Class Members (except Successful Opt-Outs).

17. Defendants and all Released Persons (as defined in the Settlement Agreement) are hereby released and forever discharged from all matters within the scope of the Release set forth in this Order and the Settlement Agreement.

18. The Court notes that no objections were filed in connection with the Settlement. The absence of objections further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

19. Representative Plaintiffs, Class Counsel, and each Class Member who is not a Successful Opt-Out are hereby permanently enjoined and barred from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims as set forth in the Settlement Agreement.

20. Neither this Order, the Settlement Agreement, nor any action taken to carry out this Order or the Settlement Agreement is, may be construed as, or may be used as an admission or concession by or against Defendants or any Released Person of any fault, wrongdoing, or liability whatsoever. However, this Order and the Settlement Agreement may be filed in any action against or by any Class Member or any Released Person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

21. The Parties, by mutual agreement, may agree to reasonable amendments or modifications of the Settlement Agreement without further approval of the Court, subject to the conditions and limitations set forth in the Settlement Agreement.

22. In the event that the Settlement does not become effective in accordance with its terms, then this Order, the certification of the Class, and all other orders entered in connection with the Settlement shall be rendered null and void and shall be vacated, nunc pro tunc, and the Parties shall revert to their respective positions prior to the execution of the Settlement Agreement as provided therein.

23. Except as otherwise expressly provided herein, the Settlement Agreement shall govern all matters incident to the administration of the Settlement, including but not limited to the processing and payment of claims.

24. Without affecting the finality of this Order for purposes of appeal, this Court retains exclusive and continuing jurisdiction over all matters relating to the interpretation,

administration, implementation, effectuation, and enforcement of this Order and the Settlement Agreement, including jurisdiction over all Class Members and Released Persons.

25. Pursuant to Federal Rule of Civil Procedure 41(a), the Action is hereby dismissed with prejudice and without costs or attorneys' fees as to any party except as expressly set forth herein and in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: November 13, 2026

**HON. GLORIA M. NAVARRO**
United States District Judge